ELECTRONICALLY FILED
10/7/2021 12:03 PM
03-CV-2021-901095.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

Exhibit A

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| HEATHER A. MERRY, | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO: CV-2021-____ |
| | * | |
| AIA INSURANCE AGENCY, INC. and | * | |
| MICHAELE BROOKS, individually, and | * | ***JURY TRIAL DEMANDED*** |
| KERRY ROBERT, individually, | * | |
| and Fictitious Defendants "A" through | * | |
| "Z", those persons, corporations or other | * | |
| Legal entities who are unknown to | * | |
| Plaintiffs at this time but will be | * | |
| substituted by amendment when | * | |
| ascertained | * | |
|     Defendants. | * | |

## COMPLAINT
### PARTIES

1. The Plaintiff, HEATHER A. MERRY, is over the age of nineteen (19) years, who is a legal resident citizen of the State of Alabama and was, at all times material hereto, employed by AIA INSURANCE AGENCY, INC.

2. The Defendant, AIA INSURANCE AGENCY, INC. is a domestic corporation doing business in the State of Alabama whose agent for service as listed with the Alabama Secretary of State is: Kerry L. Roberts, 5167 Atlanta Highway, Montgomery, Alabama 36109.

3. The Defendant, MICHAELA BROOKS, is over the age of nineteen (19) years, who is a legal resident citizen of the State of Alabama and was, at all times material hereto, the Manager of AIA INSURANCE AGENCY, INC.

4. The Defendant, KERRY ROBERT, is over the age of nineteen (19) years, who is a legal resident citizen of the State of Alabama and was, at all times material hereto, the Owner/Officer of AIA INSURANCE AGENCY, INC.

5. That Defendants, fictitious parties "A through Z" are fictitious parties responsible for Plaintiffs' damage whose identities as individuals or entities shall be asserted upon discovery of same.

### JURISDICTION AND VENUE

This Court has jurisdiction and venue to this action and over the subject

matter of this action. Venue is proper in this Court pursuant to §6-3-2, *Code of* Alabama (1975), in that the incident made the basis of this suit occurred in Montgomery County, Alabama.

## FACTS

1. Plaintiff, HEATHER A. MERRY, incorporates the preceding paragraphs.

2. Plaintiff, HEATHER A. MERRY, was an employee of the Defendant, AIA INSURANCE AGENCY, INC. and had been employed since August, 2020.

3. That on or about April 13, 2021, the Plaintiff experienced an outbreak of symptoms from a medical condition which prevented Plaintiff from going into work on time. Plaintiff sent a text to her Supervisor, Michaele Brooks, and requested to come in a few hours late on said day. Plaintiff also informed her Supervisor Michaele Brooks about the nature of her Herpes symptoms, which was the first time Plaintiff's employer was made aware of Plaintiffs medical condition/disability. Shortly thereafter, Plaintiff received a message from AIA INSURANCE AGENCY, INC's owner, Kerry Robert informing Plaintiff not to come to work until the symptoms of her disability has subsided. As instructed the Plaintiff did not return to work.

4. That on or about April 18, 2021, Plaintiff spoke with Supervisor Michaele Brooks and Kerry Robert, regarding her medical condition/disability at which time Kerry Roberts told Plaintiff that Plaintiff "has to receive specific treatments and that the Plaintiff had to be careful when using the bathroom in the workplace".

5. The Company Manager and Plaintiffs Supervisor, Michaela Brooks, became hostile towards Plaintiff after Plaintiff informed her of her medical condition/disability on April 13, 2021. Plaintiff has felt embarrassed and ostracized by Defendant's conduct. Plaintiff had no one to go to above her Supervisor Brooks except the Owner of the Company, Robert.

6. That on or about April 19, 2021, Kerry Robert, called Plaintiff and offered Plaintiff a severance package, stating that the Defendant, AIA INSURANCE AGENCY, INC., could not do anything regarding Supervisor Michaele Brooks' issues with Plaintiff. Plaintiff denied the severance package. Plaintiff was terminated as a retaliatory reaction to Plaintiff filing EEOC Complaint.

7. That on or about April 20, 2021, Supervisor Michaele Brooks called and informed

Plaintiff that Plaintiff was terminated. Plaintiff avers that were it not for AIA INSURANCE AGENCY, INC's discovering Plaintiff's medical condition/disability, Plaintiff would still be employed.

8. Plaintiff has been discriminated against because of her disability in violation of The Americans with Disabilities Act and has been victim of sexual harassment due to her STD medical condition and disability.

## COUNT I
## WRONGFUL TERMINATION/RETALORITY DISCHARGE

9. Plaintiff, HEATHER A. MERRY, hereby incorporates the preceding paragraphs.

10. Plaintiff was an employee of AIA INSURANCE AGENCY, INC. from August, 2020 until April 20, 2021 when she was retaliatorily discharged and wrongfully terminated due to a personal medical condition/disability condition known as herpes (STD).

11. That on or about July 2, 2021, Plaintiff filed a Charge of Discrimination with EEOC against Defendant, AIA Insurance Agency, Inc. (See attached Exhibit 1)

12. That on or about July 8, 2021, Plaintiff received EEOC's Dismissal and Notice of Rights and right to sue. (See attached Exhibit 2)

13. Defendant, AIA INSURANCE AGENCY, INC., retaliatorily terminated Heather Merry's employment and wrongfully fired her for a medical condition discriminating and sexually harassing her for a condition (STD) that posed no threat to co-employees or the work place.

14. That prior to the April 13, 2021 outbreak of symptoms the Plaintiff at all times was able to perform her job duties and was not a direct threat to any employees of Defendant, AIA INSURANCE AGENCY, INC. as the Plaintiffs disease is not spread though the environment and cannot be transmitted by casual contact in the workplace or by using restrooms.

15. Plaintiff avers that she was not required to disclose any medical condition, including STDs to her employer.

16. Plaintiff alleges that Defendant, AIA INSURANCE AGENCY, INC., wrongful termination and retaliatory discharge has caused Plaintiff damages to include loss of income and benefits and such damages are continuing in nature.

17. Plaintiff is entitled to a judgment for compensatory and punitive damages in an

amount to be determined by a jury, together with all reasonable attorneys' fees, costs of this proceeding, and applicable interest.

18. Plaintiff is entitled to punitive damages for AIA INSURANCE AGENCY INC's willful, intentional, and wrongful termination of her employment.

**WHEREFORE,** the premises considered Plaintiff prays this Court to take jurisdiction of this cause and enter a judgment against the Defendant, AIA INSURANCE AGENCY, INC., for compensatory and punitive damages to be determined by a jury, restitution, and/or equitable relief, together with any and all attorneys' fees and costs incurred and associated with this matter, and any and all applicable interest. Plaintiff prays this Court will grant any other, further, and different relief it deems fair, just, and equitable.

## COUNT II
## HOSTILE WORK ENVIRONMENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH

19. Plaintiff, HEATHER A. MERRY, hereby incorporates the preceding paragraphs.

20. As a result of the Defendants', AIA INSURANCE AGENCY, INC's wrongful and tortious actions, Plaintiff has suffered mental anguish and emotional distress.

21. That the Defendant was aware of their intentional and unlawful actions and the reasonable foreseeability of the resulting emotional harm to Plaintiff on behalf of Defendant, nevertheless Defendant proceeded to terminate Mrs. Merry's employment without good cause by creating a hostile environment in an attempt to force the Plaintiff to quit her job.

22. As a result of Defendants collective unlawful actions, Mrs. Merry has been caused to suffer, among other things, significant stress, mental anguish, anxiety, fatigue, sleeplessness, and depression. The hostile environment intentionally created and passed by Defendant was relentless against Plaintiff despite Plaintiffs attempt to alienate the same.

23. Despite knowledge of Plaintiffs health issues, Defendant knowingly and intentionally created a work environment so hostile that it resulted in the loss of income and benefits and caused Mrs. Merry additional emotional harm.

24. Plaintiff avers that the Defendants' tortious conduct of creating and imposing a hostile proximately caused her to suffer unnecessary and substantial mental anguish, emotional distress and other damages.

**WHEREFORE**, the premises considered Plaintiff prays this Court to take jurisdiction of this cause and enter a judgment against the Defendant, individually and severally, for compensatory and punitive damages to be determined by a jury, restitution, and/or equitable relief, together with any and all attorneys' fees and costs incurred and associated with this matter, and any and all applicable interest. Plaintiff prays this Court will grant any other, further, and different relief it deems fair, just, and equitable.

## COUNT III
## SEXUAL HARASSMENT/INVASION OF PRIVACY

25. Plaintiff, HEATHER A. MERRY, hereby incorporates the preceding paragraphs.

26. That the Defendants sexually harassed the Plaintiff about her STD and medical condition created such a hostile work environment that it has given rise to the Plaintiff bringing this cause of action against them.

27. That the Plaintiff avers that the Defendants, individually and collectively, created through sexually harassing her about her STD an environment with the intent of making the work place so unpleasant for the Plaintiff that the Plaintiff would quit without the Defendant, AIA INSURANCE AGENCY, INC., having to fire her and become subject to an EEOC Complaint.

28. That the Defendants individual and collective actions were so intrusive and hostile that they invaded the Plaintiffs privacy in telling her to stay home until she is "clean down there" and that there was "no more break-outs". That this conduct on behalf of the Defendants, individually and collectively, not only embarrassed the Plaintiff but caused the Plaintiff undue anxiety and depression and the feeling of no self-worth.

29. That the Defendants, individually and collectively, worked in conjunction with each other when the Plaintiff was told in writing "that Michaele (Defendant Brooks) doesn't like you and if she doesn't like you there is nothing you can do to make things better".

30. That the Defendants, individually and severally, used the Plaintiffs disclosure of her condition against the Plaintiff based upon they own biases and misunderstandings of the medical condition suffered by the Plaintiff and created an environment of sexual harassment and invasion of privacy ultimately resulting in the termination of the Plaintiff and to the Plaintiffs detriment. That the Defendants conduct, as indicated by representations made by the Defendants, individually and collectively, which will be introduced in the trial of this case, charted out a road map to terminate the Plaintiffs employment through creating a hostile

work environment, making embarrassing and sexually harassing comments and through chastising the Plaintiff for a medical condition over which she had no control at the time of her employment.

**WHEREFORE,** the premises considered Plaintiff prays this Court to take jurisdiction of this cause and enter a judgment against the Defendant, individually and severally, for compensatory and punitive damages to be determined by a jury, restitution, and/or equitable relief, together with loss of employment, lost wages, embarrassment, emotional distress and mental anguish due to the intentional infliction of the same by the Defendants. Furthermore, Plaintiffs requests compensatory and punitive damages and all attorneys' fees and costs incurred and associated with this matter, and any and all applicable interest. Plaintiff prays this Court will grant any other, further, and different relief it deems fair, just, and equitable against the Defendants, individually and severely, in an amount of $250,000.00.

## COUNT IV
## TORT OF OUTRAGE

31. Plaintiff, HEATHER A. MERRY, hereby incorporates the preceding paragraphs.

32. That Defendant, its agents, employees and subcontractors' actions toward the Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

33. At the aforesaid time and place and as a proximate consequence of Defendants failure to take reasonable care to control, the Plaintiff suffered damages including, but not being limited to, physical pain and suffering, emotional distress, mental anguish, physical and mental injury, loss of activity and loss of enjoyment of life and interruption of daily normal activities.

34. That Defendants' actions toward the Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and are atrocious and utterly intolerable in a civilized society.

35. That the intentional and/or wanton infliction of physical injury that Defendants' caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

**WHEREFORE,** the premises considered Plaintiff prays this Court to take jurisdiction of this cause and enter a judgment against the Defendant, individually and severally, for compensatory and punitive damages to be determined by a jury, restitution, and/or equitable relief, together with any and all attorneys' fees and costs incurred and associated with this matter, and any and all applicable interest. Plaintiff prays this Court will grant any other, further, and different relief it deems fair, just, and equitable.

Respectfully submitted this the ___7th___ day of October, 2021.

*/s/ Heather A. Merry*
**HEATHER A. MERRY**

**ATTORNEY FOR PLAINTIFF:**

*/s/ Jim T. Norman, III*
Jim T. Norman, III (NOR060)
Law Offices of Jim T. Norman, III, LLC
Post Office Box 680670
Prattville, Alabama 36068
(334) 365-9955

STATE OF ALABAMA        }
COUNTY OF AUTAUGA       }

Before me, the undersigned, a Notary Public in and for said County in said State, personally appeared, Heather A. Merry, who is known to me and being by me first duly sworn, does depose and state on oath that the facts contained in the foregoing Complaint are true and correct.

Given under my hand and seal this the ___7th___ day of ___October___, 2021.

*/s/ Pamela Marshall*
NOTARY PUBLIC          Notary Public State of Alabama
My comm. Expires: ___My Comission Expires June 21, 2024___

Serve Defendant:
AIA INSURANCE AGENCY, INC
c/o Kerry L. Roberts, Registered Agent
5167 Atlanta Highway
Montgomery, Alabama 36109

ELECTRONICALLY FILED
10/7/2021 12:03 PM
03-CV-2021-901095.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:    Agency(ies) Charge No(s):

[ ] FEPA
[X] EEOC    **420-2021-02227**

_____ and EEOC
State or local Agency, if any

**Name** (indicate Mr., Ms., Mrs.): MS. HEATHER A MERRY
**Home Phone**: 334-649-0261
**Year of Birth**:

**Street Address / City, State and ZIP Code**: 106 STILL CREEK LP, MILLBROOK, AL 36054

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: AIA INSURANCE AGENCY, INC.
**No. Employees, Members**: Under 15
**Phone No.**: (334) 272-6874

**Street Address / City, State and ZIP Code**: 5167 ATLANTA HWY, MONTGOMERY, AL 36109

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 04-20-2020    Latest: 04-20-2020
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I am an individual with disabilities. I began working for the above-named employer on August 2020 as an insurance marketing agent. On April 13, 2021, I experienced an outbreak of symptoms from my disabilities. These symptoms prevented me from coming to work on time. I texted my supervisor, Michaele Brooks, and requested to come in a few hours late on that day. I also informed Ms. Brooks about the nature of my symptoms, which was the first time the employer was made aware of my disabilities. Shortly thereafter, I received a message from the companys owner, Kerry Robert, informing me to not come to work until the symptoms of my disabilities had subsided. As instructed, I did not return to work.

On April 18, 2021, I spoke with Ms. Brooks and Ms. Robert regarding my disabilities. Ms. Robert told me I had to receive specific treatments and that I had to be careful when using the bathroom in the workplace. Ms. Brooks became hostile towards me after I informed her of my disabilities on April 13. I felt embarrassed and ostracized by their conduct. On April 19, 2021, Ms. Robert called me and offered me a severance package, saying that she could not

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Heather A Merry on 07-02-2021 12:14 PM EDT

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2021-02227 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

do anything regarding Ms. Brooks issues with me. I denied the severance package. On April 20, 2021, Ms. Brooks called to inform me that I was terminated. Were it not for my employer discovering my disabilities, I would still be employed.

I believe I have been discriminated against because of my disability, in violation of Title I of The Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Heather A Merry on 07-02-2021 12:14 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**ELECTRONICALLY FILED**
10/7/2021 12:03 PM
03-CV-2021-901095.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Heather A. Merry<br>106 Still Creek Loop<br>Millbrook, AL 36054 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2021-02227 | STEVEN GARCIA-REYES,<br>Investigator | (205) 651-7067 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☒ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

/for BRADLEY A. ANDERSON,
District Director

July 8, 2021
(Date Issued)

cc: AIA INSURANCE AGENCY, INC.
c/o Kerry Robert
Owner
5167 Atlanta Highway
Montgomery, AL 36109

